# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                         No. CR 04-1159 JB

JESUS CORDOVA-AREVALO,

     Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on the Defendant's Objections to Presentence Report, filed on September 17, 2004 (Doc.15).  The Court first held a sentencing hearing on September 24, 2004 and continued it to December 8, 2004, to consider the issues that Defendant Jesus Cordova- Arevalo objection raises.  The primary issue is whether a prior conviction for Third Degree Assault in Colorado is a felony for purposes of 8 U.S.C. § 1326(b)(1).  Because the Court believes that prior precedent from the United States Court of Appeals for the Tenth Circuit has decided that a crime punishable by a term of imprisonment exceeding one year is a felony under 8 U.S.C. § 1326(b)(1), the Court will impose a sentence based on an offense level increase of 16, with the applicable statutory maximum of 10 years, pursuant to 8 U.S.C. § 1326(b)(1).

## PROCEDURAL HISTORY

Cordova-Arevalo was arrested on March 20, 2004, and charged with reentry of a deported alien under 8 U.S.C. § 1326(a)(1) and (2).  In his objections to the Presentence Report ("PSR"), Cordova-Arevalo alleges that the PSR  improperly categorizes his prior conviction for Third Degree Assault for the purposes of determining the statutory maximum associated with this prior offense.

See Objections to Presentence Report ¶ 1, at 1.  According to the PSR, Cordova-Arevalo was convicted of Third Degree Assault in Fort Collins, Colorado in July, 2002, and was sentenced to ten days in jail and charged $163 in fines and fees.  See Presentence Report ¶ 20, at 6.

In his objections, Cordova-Arevalo concedes that the prior conviction for Third Degree Assault constitutes a crime of violence, warranting a 16-level increase under the United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A).  Cordova-Arevalo also concedes that his prior conviction falls within the U.S.S.G. definition of a felony.  The application notes to U.S.S.G. § 2L1.2 define a felony, for the purposes of subsection (b)(1)(A), as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year."  U.S.S.G. § 2L1.2, app. n.2 (2003).  Because his prior conviction had a statutory maximum of 18 months, Cordova-Arevalo admits that, under the guidelines, his prior conviction qualifies as a felony.  See Objections to Presentence Report ¶ 2, at 1-2; Transcript of Sentencing Hearing at 49:16-20 (taken December 8, 2004).[1]

Although Cordova-Arevalo does not object to the 16-level enhancement or the categorization of his prior crimes as a "felony" under the guidelines, he does contest which statutory maximum should apply.  The PSR states that the statutory maximum for his prior conviction is 20 years under § 1326(b)(2).  See Presentence Report ¶ 39, at 10-11.  According to Cordova-Arevalo, however, the proper statutory maximum should be two years under 8 U.S.C. § 1326(a).  Cordova-Arevalo alleges that "[w]hile the 18-month maximum [under the Colorado Statute] does establish [Third Degree Assault] as a 'felony' for purposes of guideline offense level, the definition of felony in 2L1.2 is different from the definition of felony for purposes of statutory maximum under 8 U.S.C. [§] 1326."

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

For the purposes of establishing whether his prior conviction is a "felony" under 8 U.S.C. 1326(b)(1),

Cordova-Arevalo contends that the Court should look to state law to determine if the prior conviction

was a felony or a misdemeanor.  Because Colorado classifies Third Degree Assault as a misdemeanor,

and because Cordova-Arevalo was sentenced to less than one year, Cordova-Arevalo contends that

his Third Degree Assault conviction does not constitute a "felony" under 8 U.S.C. § 1326(b)(1).

Accordingly, Cordova-Arevalo alleges that the statutory maximum under 8 U.S.C. § 1326(a) -- 24

months -- would apply.[2]

## ANALYSIS

Cordova-Arevalo concedes that, under the guidelines,  a 16-level increase for "felony crime

of violence" is appropriate in light of his prior conviction for Third Degree Assault.  Objections to

Presentence Report ¶ 2, at 1-2.  As discussed above, the prior conviction for Third Degree Assault

is a felony crime of violence under the guidelines because, under the U.S.S.G. definition of "felony"

applicable to § 2L1.2(b)(1)(A), a felony is "any federal, state, or local offense punishable by

imprisonment for a term exceeding one year."  Because the crime for which Cordova-Arevalo was

convicted carried a maximum punishment of 18 months, it constitutes a felony for the purpose of

calculated the offense level under the sentencing guidelines.

---

[2] Cordova-Arevalo also analogizes to <u>Blakely v. Washington</u>, which "speaks to the dangers
and unfairness of allowing a sentencing enhancement based upon alleged facts not established beyond
a reasonable doubt after affording full due process rights to the person whose sentence is subject to
enhancement.  Few better examples exist than the extraordinary increase in maximum statutory
penalty (2 years vs. 10 years) which occurs upon proof of the "fact" that a defendant was convicted
of a "felony" under state law."  Defendant's Response to United States' Response to Defendant's
Objections to Presentence Report at 3, filed Oct. 15, 2004 (Doc. 22).  The Court, however, has held
previously that <u>Blakely</u> does not apply to findings related to prior convictions.  <u>See</u> <u>United States v.
Quijada</u>, No. CR 04-0516, filed July 28, 2004 (Doc. 39)(Browning, J.).  Cordova-Arevalo's analogy
to <u>Blakely</u>, therefore, will not be considered by the Court when determining the appropriate
sentencing enhancement.

The Court does not agree with Cordova-Arevalo's contention that, because the Colorado statute under which Cordova-Arevalo was convicted of Third Degree Assault classifies it as a misdemeanor, the prior conviction cannot be considered a felony for the purposes of establishing the statutory maximum.  The Court, however, does agree that the applicable statutory maximum is 10 -- and not 20 -- years.

Under 8 U.S.C. § 1326(b), a court may enhance a defendant's sentence from the 24-month maximum pursuant to 8 U.S.C. § 1326(b)(a) if the offense falls within one of the enumerated categories.  Section 1326(b)(2) allows for an increased maximum sentence of 20 years.  This provision, however, applies only to aggravated felonies.  Because the actual sentence imposed for Cordova-Arevalo's conviction was less than one year, it does not qualify as an aggravated felony under 8 U.S.C. § 1101(43)(F).  The felony definition applicable to § 2L1.2(b)(1)(A) is based on the maximum possible sentence under the particular state law, in contrast to the statutory definition of an aggravated felony, which requires that the defendant was actually sentenced to prison for at least one year. See 8 U.S.C. § 1101(43)(F). The statutory maximum under 8 U.S.C. § 1326(b)(2), therefore, is not applicable.

The appropriate statutory maximum, however, is not under 8 U.S.C. § 1326(a), as Cordova-Arevalo contends.  Admittedly there is some appeal to Cordova-Arevalo's argument that, when Congress wrote the word "felony" § 1326(b)(1), it meant the term in a common way.  How the prosecuting state characterizes the crime could reasonably be seen as controlling.  After all, there is no clear statutory definition of a "felony."

While Cordova-Arevalo's argument has some force in legislative and in statutory constitution, the argument appears foreclosed by precedent from the United States Court of Appeals for the Tenth

Circuit.  The Tenth Circuit has indicated that a federal court is not to look at state law when interpreting whether a defendant's prior conviction constitutes a felony for sentencing purposes.  <u>See</u> <u>United States v. Diaz-Bonilla</u>, 65 F.3d 875, 877 (10th Cir. 1995).  As the Tenth Circuit has explained:

> A federal criminal law is not generally construed so that its application is dependent on state law.  <u>Dickerson v. New Banner Institute, Inc.</u>, 460 U.S. 103, 119 . . . (1983). The purpose of the Guidelines would be frustrated by an interpretation that gave effect to a state statutory definition, because its application is nationwide and the federal program's objective of uniformity would be impaired."  <u>United States v. Diaz-Bonilla</u>, 65 F.3d 877.

<u>United States v. Diaz-Bonilla</u>, 65 F.3d at 877.  The Tenth Circuit's decision in <u>United States v. Diaz-Bonilla</u> -- with facts similar to those here -- strongly suggests that this Court would be in error to adopt Cordova-Arevalo's argument.  In <u>United States v. Diaz-Bonilla</u>, the defendant argued that the court should look to state law to determine if his prior conviction constituted a felony for sentencing enhancement purposes under § 2L1.2(b)(1).  <u>See id.</u>  Diaz-Bonilla, like Cordova-Arevalo, had a prior conviction for Third Degree Assault in Colorado, which, at the time he was convicted, carried a maximum imprisonment term of two years.  Diaz-Bonilla was sentenced to two-years imprisonment and one-year suspended.  <u>See id.</u>  Diaz-Bonilla argued,  like Cordova-Arevalo argues here, that, because the Colorado statute categorized Third Degree Assault as a misdemeanor, his sentence could not be enhanced under U.S.S.G. § 2L1.2(b)(1) for having a prior felony conviction.  <u>See id.</u>  In rejecting this argument, the Tenth Circuit held that "for purposes of § 2L1.2, a felony conviction is defined as a conviction under a statute, state or federal, with a statutory maximum penalty in excess of one year."  <u>Id.</u>[3]

---

[3] Although the Tenth Circuit considered a different version of the guidelines than the one at issue in this case, the material provisions are the same for the purposes of interpreting the 2003 version, under which Cordova-Arevalo was sentenced.

While the Tenth Circuit in <u>United States v. Diaz-Bonilla</u> did not consider the precise argument that Cordova-Arevalo raises, the Tenth Circuit's unqualified language suggests that Cordova-Arevalo's argument is precluded.  <u>United States v. Diaz-Bonilla</u>, and other Tenth Circuit precedent, indicates that the Tenth Circuit has found as fundamental the interest in promoting uniformity in sentencing in the federal system.  The Court will therefore not consider how Colorado categorizes the crime for which Cordova-Arevalo was convicted.  Instead, based on the guideline definition of felony, the appropriate statutory maximum 10 years.

This conclusion does not affect the Court's decision that a 16 offense level increase is warranted.  Under the 2001 Amendments, U.S.S.G. § 2L1.2(b)(1)(A) does not require that the crime of violence constitute an aggravated felony to qualify for a 16 offense level enhancement.  <u>See</u> <u>United States v. Pimentel-Flores</u>, 339 F.3d 959, 960-61 (9th Cir. 2003).  Instead, § 2L1.2(b)(1)(A) refers only to a "felony", in contrast to 2L1.2(b)(1)(C), which refers to a "aggravated felony" conviction.[4]  Because Cordova-Arevalo concedes he committed a crime of violence, and it constitutes a felony under the guidelines because it is punishable by more than one year in prison, the appropriate offense level enhancement is 16, as stated in the PSR.

In sum, although Cordova-Arevalo's prior conviction does not qualify as an aggravated felony -- as the PSR currently reflects -- the prior assault conviction does constitute a felony, warranting a statutory maximum of 10 years under 1326(b)(1).  And, as Cordova-Arevalo concedes, the appropriate offense level enhancement is 16.

**IT IS ORDERED** that Cordova-Arevalo's objection is sustained in part and overruled in

---

[4] For a more thorough analysis of this issue, see <u>United States v. Rosales-Valdez</u>, No. CR 04-1195, at 9-11 (filed December 17, 2004)(Browning, J.).

part.  Cordova-Arevalo's prior offense is not an aggravated felony, but is a felony warranting a 16-

level enhancement.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
   United States Attorney for the
   District of New Mexico
Mark A. Saltman
   Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the United States*

Richard C. Cauble
Las Cruces, New Mexico

     *Attorney for Defendant*